UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PROACTIVE CAPITAL PARTNERS, LP,<br><br>      *Plaintiff*,<br><br>-against-<br><br>SYSOREX, INC.,<br><br>      *Defendant*. | Civil Action No.: 22-cv-4654-NRB<br><br>Hon. Naomi Reice Buchwald<br><br>**STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER** |

   **IT IS HEREBY STIPULATED AND AGREED**, by and among Plaintiff ProActive Capital Partners, LP and Defendant Sysorex, Inc. (each a "Party," and collectively, the "Parties"), through their respective undersigned counsel, that the following terms and conditions of this Stipulated Confidentiality and Protective Order (the "Order") shall govern the handling of documents, things, depositions, deposition exhibits, written discovery responses, testimony, portions of any of these things, and any other information produced, given, or exchanged between or among any Parties to this action and any other Party or non-parties in this action (collectively, the "Materials"). The Parties agree to avoid waiver of privilege or work product protections through the maximum protections afforded by the Federal Rules of Civil Procedure, Federal Rules of Evidence, and any other applicable law, rule, or statute.

   This Order does not confer blanket protection on all disclosures or responses to discovery. The protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal

principles, and it does not presumptively entitle Parties to file confidential information under seal.

**Confidential Material**

1. Any Party that produces documents or information, or provides testimony in this action, may designate as "Confidential" and subject to this Order any Material: (a) containing or reflecting trade secrets or proprietary, commercial, financial, technical, competitively sensitive, or other confidential business information or data; (b) containing personal/private information; (c) containing information received in confidence; or (d) that the producing Party otherwise believes in good faith to be entitled to protection under the Federal Rules of Civil Procedure or other applicable law, rule, or statute (collectively, the "Confidential Material").

2. Designation of any document as "Confidential" must be made before a copy of the document is disclosed or produced. Each page of any document subject to this Order shall be stamped or otherwise affixed with the legend "**CONFIDENTIAL**" in a manner that does not interfere with the legibility of the document to indicate that it is subject to this Order. Any confidential designation that is inadvertently omitted subsequent to the Court's Order may be corrected by written notification to opposing counsel.

3. Any Party or other person or entity giving deposition testimony or counsel for a Party in this action may designate such testimony or any portion thereof, or deposition exhibits or any portion thereof (to the extent not already designated as confidential or protected), as Confidential Material by advising the reporter and all Parties of such designation during the deposition or by letter to the reporter and all Parties within 15 calendar days of receipt of the final transcript of the deposition testimony, except in the event that a hearing on related issues is

scheduled to occur before the 15-day period is complete, in which case the 15-day period will be reduced to 3 business days after any Party provides notice that such designation is necessary in light of the upcoming hearing. Deposition testimony and deposition exhibits shall be treated as Confidential Material, as designated, at least until that 15-day period has expired. Transcripts of deposition testimony designated as Confidential Material shall be marked "**CONFIDENTIAL**" on each page.

    4.    Confidential Material may be used only for purposes of this litigation and shall not be used for any other purpose, provided that nothing herein limits any use a Party may make of its own Confidential Material. Confidential Material shall not be disclosed to anyone other than those listed in Paragraph 5 of this Order, unless the receiving Party obtains prior written agreement form the producing Party or this Court orders otherwise.

    5.    Confidential Material may only be disclosed to the following individuals and, where applicable, under the following conditions:

    a. The Parties to this litigation and their counsel of record, outside counsel, and in-house counsel;

    b. The officers, directors, employees, representatives, advisers, or agents of the Parties or the Parties' parents, ultimate parents, or affiliates who have a need to know or see the Confidential Material for purposes of this action.

    c. The retained experts or consultants of the Parties to this litigation, provided that prior to disclosure, the expert or consultant must execute an "Agreement to be Bound by Stipulated Confidentiality and Protective Order" in the form attached hereto as Exhibit A;

d.  This Court and this Court's personnel, as well as any appellate court of competent jurisdiction and such appellate court's personnel;

e.  Any mediator or arbitrator engaged by the Parties to this litigation;

f.  During their depositions, or in preparation for their depositions, any deponent or witness in this litigation to whom disclosure is reasonably necessary (and counsel for any such deponent or witness), provided that prior to disclosure, the deponent or witness must execute the attached "Agreement to be Bound by Stipulated Confidentiality and Protective Order," unless otherwise agreed by the designating Party or ordered by the Court;

g.  The Parties' in-house personnel, law firm personnel for counsel of record, or vendors retained by the Parties to this litigation to assist in preparing or cataloging discovery, for trial, and/or for hearings including, without limitation, court reporters, litigation support personnel, jury consultants, data retrieval and storage vendors, and demonstrative and audiovisual aid companies;

h.  The secretarial, paralegal, clerical, duplicating, and data processing personnel of anyone listed in subparts (a)-(g) above;

i.  The author or recipient of a document containing the Confidential Material or a custodian or other person who otherwise possessed or knew the information;

j.  The Parties' outside or in-house auditors as necessary in fulfilling their responsibilities; and

k.  Other persons only after notice to all parties and upon order of the Court, or upon written consent of the Parties.

6. Nothing contained in this Order shall be construed to restrict the use or disclosure of Confidential Material at trial or as exhibits during depositions. Further, nothing herein shall be construed to limit any Party's ability to object to the admissibility of Confidential Material at trial for any reason. In addition, nothing contained in this Order shall be construed to restrict the use of Confidential Material to litigate this case by making statements and arguments in motions filed with the Court, so long as Confidential Material itself is not revealed in publicly filed motion papers or the exhibits thereto.

7. If any Party seeks to file another Party's or non-party's Confidential Material with the Court, they shall appropriately redact or seek to file such documents under seal unless otherwise ordered by the Court.

8. If counsel for a Party receiving Confidential Material objects to the designation in whole or in part, counsel shall serve on the designating Party a written objection describing with particularity the ground for objection within fourteen (14) days of receipt thereof. Counsel for the designating Party shall respond to the objection in writing within fourteen (14) days, and state with particularity the grounds in support of the designation and how/why it is appropriate for the information at hand. If the designating Party does not timely respond to the objection, the objection stands and the challenged designation is deemed void. If a timely written response is made to the objection, counsel shall confer in good faith within ten (10) days by telephone in an effort to resolve the dispute. If the dispute cannot be resolved, the proponent of the challenged designation shall present the dispute to this Court. The Parties may, by written agreement, enlarge the deadlines set forth in this paragraph.

9. Inadvertent failure to designate information or material, including deposition transcripts, as "Confidential" shall not constitute a waiver of such claim and may be corrected by

prompt supplemental written notice designating such material as "Confidential," in which event the designating party shall, at its own expense, provide new copies of the newly designated materials to the receiving parties. The parties receiving such supplemental written notice shall thereafter treat the information and materials so designated as "Confidential," and such information or materials shall be fully subject to this Order as if they had been initially so designated. When information or material is subsequently designated as "Confidential," all receiving Parties shall in good faith assist the producing Party in retrieving such material from all persons to whom they provided such material before it was designated as "Confidential," but who as a result of that subsequent designation are not entitled to possess such material under the terms of this Order, and shall make reasonable efforts to prevent further disclosures except as authorized under the terms of this Order.

10. If any Party or counsel learns, that by inadvertence or otherwise, Confidential Materials have been disclosed to anyone under any circumstance not authorized by this Order, that person must immediately: (1) notify the designating Party by telephone and email; (2) use its best efforts to retrieve all unauthorized copies of the Confidential Materials; (3) inform the person to whom the unauthorized disclosures were made of all of the terms of this Order; and (4) request that such person abide by the conditions of this Order.

**Privileged Information**

11. Pursuant to Fed. R. Evid. 502 and other applicable rules, the inadvertent production or disclosure of documents, electronically stored information ("ESI") or other Material subject to the attorney-client privilege, work product doctrine, consulting expert exemptions, or any other privilege or immunity ("Privileged Information") shall not constitute a

waiver of any applicable privilege or protection from discovery in this action or in any other federal or state proceeding.

    12.    Further, it is agreed:

        a.  If a receiving Party discovers that it is in receipt of a document or ESI that it reasonably believes might contain Privileged Information, it shall notify the producing Party, and identify the document in question, within ten (10) business days of such discovery.

        b.  Upon discovery by a producing Party (whether by notice from the receiving Party, or otherwise) that it did or may have produced Privileged Information, the producing Party shall, within ten (10) days of such discovery, request the return of such Privileged Information by sending a written notification ("Clawback Letter") to the receiving Party. The Clawback Letter shall (i) identify the documents or ESI in question by Bates number or otherwise; and (ii) identify the bases on which the privileged information should have been withheld from production. The requirements in this paragraph apply equally to instances in which a producing Party discovers during a deposition that it did or may have produced Privileged Information. For purposes of this protocol, "discovery" shall mean "actual notice"; production of Privileged Information alone is insufficient to constitute actual notice.

        c.  Upon receipt of a Clawback Letter, the receiving Party shall promptly return, destroy or delete all documents or ESI containing Privileged Information identified in the letter, and all reproductions or summaries thereof regardless of whether the receiving Party plans to challenge the claim of privilege. The

receiving Party shall follow these procedures regardless of whether a document is comprised fully or partially of Privileged Information. The producing Party shall, within twenty (20) business days of the date of the Clawback Letter, reproduce any document or ESI that is comprised only partially of Privileged Information with the Privileged Information redacted.

d. If a receiving Party disagrees with a claim of privilege set forth in a Clawback Letter, it shall notify the producing Party and provide the basis for disputing the privilege claim in writing. The producing Party must preserve the information claimed to be privileged or otherwise protected until the claim is resolved. Thereafter, the Parties shall meet and confer in a good faith attempt to resolve the dispute.

e. In the event that the Parties do not resolve their dispute, the producing Party may bring a motion for a determination of whether a privilege applies. If such a motion is made, the producing Party shall submit to the Court, under seal and for in camera review, a copy of the disputed Privileged Information in connection with its motion papers. This in camera submission to the Court shall not constitute a waiver of any privilege or protection. Any motion to determine whether a privilege applies shall be filed no later than fifteen (15) days after the Parties meet and confer. All documents and ESI identified in any Clawback Letter shall be included in the privilege logs produced by the Parties. The obligations of the Parties set forth in this section apply irrespective of the care taken by the producing Party to prevent inadvertent disclosure.

f.  Except as expressly set forth herein, nothing in this section, or elsewhere in this stipulation, shall limit the bases on which a receiving Party may challenge the assertion of any privilege or protection by the Producing Party.

g.  Nothing contained herein is intended to or shall serve to limit a Party's right to conduct a review of documents, ESI, or information (including metadata) for relevance, responsiveness, and/or segregation of privileged and/or protected information before production.

h.  Nothing herein shall prevent the receiving Party from challenging the propriety of the Privileged Information designation by submitting a written challenge to the Court, but such a challenge does not relieve a receiving Party of its obligation to return or delete materials pursuant to sub-part (c) above, and the receiving Party shall not assert as a basis for the challenge the fact or circumstances of the prior production of those materials. If the receiving Party submits such a challenge to the Court, the producing Party must promptly present the material to the Court under seal for a determination of the claim.

i.  The receiving Party shall not use or disclose a document or information for which a claim of privilege or immunity is made pursuant to this Paragraph for any purpose until the matter is resolved by agreement of the Parties or by the Court.

j.  In addition to any other obligation to preserve documents, the producing Party must preserve any documents recalled under this Paragraph for the duration of this litigation.

9

**Other Matters**

13. This Order does not deprive any Party of its right to object to discovery by any other Party or on any otherwise permitted ground. This Order is entered without prejudice to the right of any Party to move the court for modification of or relief from any of its terms.

14. Any person subject to this Order (including any of the Parties) who in another proceeding becomes subject to a subpoena or motion to disclose another Party's information designated Confidential pursuant to this Order shall promptly notify that Party so that Party may have an opportunity to appear and be heard in the other proceeding. Such notice must be in writing and shall include a copy of the subpoena or motion.  The designating Party shall be solely responsible for asserting any objection and/or obtaining a court order relating to the requested production and/or disclosure.

15. Within 30 days of the final disposition of this action, including any appeal, all Confidential Material and copies or reproductions thereof, shall be promptly returned to the producing person or destroyed.  The Parties' outside counsel may retain one copy of all pleadings, motions, memoranda, and other work product that contains or attaches Confidential Information, and such one copy must be maintained and kept in accordance with the terms of this Order.

16. The parties' agreement concerning ESI is attached hereto as Exhibit B ("ESI Protocol Agreement").

17. The parties agree to be bound by the terms of this Order pending its entry by the Court.  This Order shall survive the final termination of the case and remains in full force and effect unless modified by court order or by written stipulation of the Parties.

18. The Parties agree that this Court has and retains jurisdiction during and after this action is terminated for the purpose of enforcing this Order.

Dated: October 31, 2022

**ProActive Capital Partners, LP**

By: /s/ *David E. Danovitch*
David E. Danovitch
SULLIVAN & WORCESTER LLP
1633 Broadway, 32nd Floor
New York, New York 10019
Telephone: (212) 660-3000
Facsimile: (212) 660-3001
ddanovitch@sullivanlaw.com

Michael T. Dyson (*pro hac vice*)
1666 K Street, NW, 7th Floor
Washington, D.C. 20006
Telephone: (202) 775-1200
Facsimile: (202) 293-2275
mdyson@sullivanlaw.com

*Attorneys for Plaintiff*

Sysorex, Inc.

By: /s/ *Jordan M. Engelhardt*
Marisa Rauchway
Jordan M. Engelhardt
A.Y. STRAUSS LLC
535 Fifth Avenue, 4th Floor
New York, New York 10017
Telephone: (646) 374-0255
Fax: (973) 840-2123
jengelhardt@aystrauss.com
mrauchway@aystrauss.com

*Attorneys for Defendant*

**SO ORDERED:**

_____
Naomi Reice Buchwald, U.S.D.J.

Dated: New York, New York
November 2, 2022

11

# EXHIBIT A

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PROACTIVE CAPITAL PARTNERS, LP,<br><br>                     *Plaintiff*,<br><br>  -against-<br><br>SYSOREX, INC.,<br><br>                     *Defendant*. | Civil Action No.: 22-cv-4654-NRB |

**Agreement to be Bound by Stipulated Confidentiality and Protective Order**

I certify that I have carefully read the Stipulated Confidentiality and Protective Order in the above-captioned civil action (the "Order") and that I fully understand the terms of the Order. I recognize that I am bound by the terms of the Order, and I agree to comply with those terms. I hereby consent to the personal jurisdiction of the United States District Court for the Southern District of New York for any proceedings involving the enforcement of the Order.

Signature: _____

Name: _____

Affiliation: _____

Date: _____

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PROACTIVE CAPITAL PARTNERS, L.P.,

        Plaintiff,

v.

SYSOREX, INC.,

        Defendant.

Case No.: 1:22-cv-4654 (NRB)

## ESI PROTOCOL AGREEMENT

    Plaintiff and Defendant (the "Parties") jointly agree to the following protocol for the production of discoverable documents and electronically stored information ("Protocol"). As used in this document, the term "Discoverable Documents and Electronically Stored Information" means discoverable documents and data existing in electronic form consistent with FED. R. CIV. P. 34, including by way of example and not by way of limitation (where relevant and not privileged or subject to other objection) emails and any attachment thereto; memoranda; calendars; diaries; minutes; voicemail; text messages; instant messages; voicemails and other telephone message records or logs; computer and network activity logs; social media accounts, postings, photos, messages and data; hard drives; backup data; removable computer storage media such as tapes, disks, and cards; document image files; web pages; databases; spreadsheets; software; films; digital or chemical process photographs; images; video, phonographic, tape, audio, or digital recordings or transcripts thereof; drafts; word processing documents, spreadsheets, electronic slide presentations, databases, mobile phone data, photos, cloud-stored data, and other reasonably accessible electronically stored information relevant to the claim(s) or defense(s) of any party subject to discovery pursuant to FED. R. CIV. P. 26(b)(1).

1. **Electronic discovery**.  Discovery of Discoverable Documents and Electronically Stored Information shall proceed in the following sequenced fashion:

   a. After receiving requests for document production, the producing party shall conduct a reasonable and good faith search for Discoverable Documents and Electronically Stored Information.  As more fully set forth in Paragraph 2 and by agreement of the Parties, Discoverable Documents and Electronically Stored Information will be produced in "PDF" format, unless the requesting party specifically requests a certain document or category of documents to be produced in "native" format.

   b. A producing party will disclose to a requesting party the existence of those sources of Discoverable Documents and Electronically Stored Information that are not reasonably accessible, and, to the extent necessary, the Parties will meet and confer concerning such information that has been identified as not reasonably accessible. A producing party shall not have an obligation initially to search or produce from sources of Discoverable Documents and Electronically Stored Information that it identifies as not reasonably accessible because of undue burden or cost in accordance with FED. R. CIV. P. 26(b)(2), and no such obligation will exist unless and until a showing of good cause is made by the requesting party that such searches and production are necessary pursuant to FED. R. CIV. P. 26(b)(2)(c).

   c. The producing parties retain their right to argue that certain sources of Discoverable Documents and Electronically Stored Information are not reasonably accessible because of undue burden or cost and further retain their right to seek cost shifting, as appropriate, in the event a requesting party demands and shows good cause

        supporting production from sources that were deemed by the producing party as not reasonably accessible.

    d.    On-site inspections of Discoverable Documents and Electronically Stored Information under FED. R. CIV. P. 34(a)(2) shall not be permitted, unless otherwise agreed to by the parties or absent exceptional circumstances where good cause and specific need have been demonstrated.

    2.    **Document Image Format**.  Document images produced in electronic form will be produced in PDF format, unless the requesting party specifically requests a party to produce a document or category of documents in native format.  All images generated from hard copy documents shall be scanned as color images with a resolution of not less than 300 d.p.i.  Meta-data for Discoverable Documents and Electronically Stored Information generated from native electronic documents shall be provided as set forth in Paragraph 8.  If a large number of Discoverable Documents and Electronically Stored Information are requested and produced, the Parties shall meet and confer to the extent reasonably necessary to facilitate the import and use of the produced materials with commercially available document management or litigation support software.  The full content of Discoverable Documents and Electronically Stored Information will be extracted directly from the native source where feasible or, where infeasible, by optical character recognition (OCR) or another suitable method to a searchable text file produced with the corresponding page image(s) or embedded within the image file. If practicable, redactions shall be produced in a format that does not serve to downgrade the ability to electronically search the un-redacted portions of the item.

    Document images that present imaging or formatting problems shall be promptly identified and the parties shall meet and confer to attempt to resolve the problems.

3. **Use of Culling Filters /Search Terms**. To contain costs in the identification of Discoverable Documents and Electronically Stored Information for review and production, the Parties shall meet and confer to discuss and create reasonable, agreed search term filters, as well as allowing the use of TAR (Technology Assisted Review).  If a receiving party believes in good faith that the producing party's decisions would result in deficiencies in production, the receiving party may make prompt, reasonable requests for different or additional searches. The producing party shall respond reasonably to such requests. The fact that any electronic file has been identified in agreed-upon searches shall not prevent any party from withholding such file from production on the grounds that the file is not responsive, that it is protected from disclosure by any applicable privilege, protective doctrine or immunity, or that it contains commercially sensitive, confidential, proprietary, trade secret or non-responsive information.

4. **Document Unitization**.   If hard copy documents are scanned into an electronic form, the unitization of the document and any attachments shall be maintained as it existed in the original when creating the image file.  The relationship of documents in a document collection (e.g., cover letter and enclosures, e-mail and attachments, binder containing multiple documents, or other documents where a parent-child relationship exists between the documents) shall be maintained through the scanning or conversion process.

5. **Color**.   If an original document contains color, the producing party shall honor reasonable requests for either the production of an original document for inspection and copying or production of a color image of the document.  The requesting party agrees to pay for the reasonable costs associated with the color scanning and production of color images of documents already produced.

6. **Duplicates**.  Where a party has more than one identical copy of Discoverable Documents and Electronically Stored Information  (i.e., the documents are visually the same and contain the same electronic text), the producing party need only produce a single copy of that document.  Furthermore, the parties are not required to produce multiple instances of an electronic message sent to multiple recipients, provided that all of the recipients (including "blind carbon copy" recipients) can be identified from Discoverable Documents and Electronically Stored Information produced pursuant to this Protocol and, as described in the remainder of this Paragraph, no information is missing from the electronic message.  Should a Party wish to use email threading to identify the most inclusive email the Party may do so.  Email threading is where a subsequent electronic mail message contains all of the portions of an earlier electronic message produced pursuant to this Protocol; therefore, it is not necessary for a producing party to produce the earlier electronic mail message in addition to the subsequent inclusive message.  If the subsequent inclusive message does not include an attachment to an earlier message, the attachment must also be produced pursuant to this Protocol, in addition to the subsequent inclusive message.  Notwithstanding the foregoing, each Party reserves the right to reasonably request that the producing party produce individual electronic mail messages on a case-by-case basis.

7. **Production Media**.  A producing party shall produce documents that it produces in an electronic image form by e-mail, sharefile, or on CD-ROM, DVD, external hard drive, or such other readily accessible computer or electronic media as the parties may hereafter agree upon (the "Production Media").  Information that shall be identified on the physical production media shall include: (a) a reference to this action; (b) the producing party's name; and (c) the production date.  The bates number range(s) of the materials on the Production Media shall also be contained on the production media, and where not practicable to do so may be provided in an accompanying

1880463v1

letter.  If the producing party encrypts or "locks" the production, the producing party shall include with the production an explanation of how to decrypt the files.

8. **Meta-Data**.  To the extent a producing party extracts any of the following metadata fields associated with its email production, the producing party will produce those metadata fields to the requesting party where available:  (a)  Docid; (b) Enddoc; (c) NumPages; (d) ParentID; (e) AttachmentIDs; (f) Custodian; (g) Author(s); (h) FROM (email sender); (i) TO; (j) CC; (k) BCC (Email Recipients); (l) Email Subject; (m) DateCreated; (n) DateSent; (o) TimeSent; (p) DateReceived; (q) TimeReceived; (r) Email Attachment File Name; (s) Filename; (t) File Extension; (u) Doclink (Link to the native (or near native) file on the production media.); and (v) MD5Hash Value.

9. **Reasonable Discovery Limits**.  If either party reasonably believes there would be undue cost or burden to collect, review and/or produce any potentially relevant Discoverable Documents and Electronically Stored Information or hardcopy documents, they shall meet and confer with opposing counsel to attempt to agree on a resolution.  Any party may file a motion to seek individual relief from this Protocol, subject to any other relevant terms in this Protocol, the Court's Scheduling Order entered in this case, and Fed. R. Civ. P. 37(a)(1), which are incorporated by reference into this Protocol and apply to this paragraph.

10. **Use of Documents**.   When Discoverable Documents and Electronically Stored Information produced in accordance with this Protocol are used in any proceeding herein, including depositions, hearings, or trial, the image copy of documents as described in Paragraph 2 shall be the copy used.  Extracted text shall not be used in any proceeding as a substitute for the image of any document.

1880463v1

11. **Discovery and Admissibility**.  Nothing in this Protocol shall be construed to affect the discoverability or admissibility of any document or data. All objections to the discoverability or admissibility of any Discoverable Documents and Electronically Stored Information are preserved and may be asserted at any time.

12. **Confidentiality**. Discoverable Documents and Electronically Stored Information produced by the Parties may be subject to the provisions of the operative Confidentiality Agreement in this case, and may be designated pursuant to the terms of the Confidentiality Agreement, and should be treated in a manner consistent with the obligations created therein.

Date:  October 31, 2022

**ProActive Capital Partners, LP**

By: /s/ *David E. Danovitch*
David E. Danovitch
SULLIVAN & WORCESTER LLP
1633 Broadway, 32nd Floor
New York, New York 10019
Telephone: (212) 660-3000
Facsimile: (212) 660-3001
ddanovitch@sullivanlaw.com

Michael T. Dyson (*pro hac vice*)
1666 K Street, NW, 7th Floor
Washington, D.C. 20006
Telephone: (202) 775-1200
Facsimile: (202) 293-2275
mdyson@sullivanlaw.com

*Attorneys for Plaintiff*

**Sysorex, Inc.**

By: */s/ Jordan M. Engelhardt*
Jordan M. Engelhardt
Marisa Rauchway
A.Y. Strauss LLC
535 Fifth Avenue, 4th Floor
New York, New York 10017
Telephone: (646) 374-0255
Fax: (973) 840-2123
jengelhardt@aystrauss.com
mrauchway@aystrauss.com

*Attorneys for Defendant*